UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEWREZ LLC d/b/a SHELLPOINT MORTGAGE SERVICING<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>KIMBERLY USSERY,<br><br>　　　　　Defendant. | No. 2:25-cv-00740-DJC-JDP<br><br>ORDER |

　　　　Plaintiff NewRez LLC, d/b/a Shellpoint Mortgage Servicing brought this unlawful detainer action against Defendant Kimberly Ussery under California state law on August 9, 2024.  On March 4, 2025, Defendant filed a Notice of Removal in federal court, seeking to remove the action from the San Joaquin County Superior Court. (Not. of Removal (ECF No. 1).)

　　　　A district court has "a duty to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties raised the issue or not." *United Investors Life Ins. Co. v. Waddell & Reed, Inc.*, 360 F.3d 960, 967 (9th Cir. 2004).  The removal statute, 28 U.S.C. § 1441, is strictly construed against removal jurisdiction. *Geographic Expeditions, Inc. v. Estate of Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010).

It is presumed that a case lies outside the limited jurisdiction of the federal courts, and the burden of establishing the contrary rests upon the party asserting jurisdiction. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009). The strong presumption against removal jurisdiction means that "the court resolves all ambiguity in favor of remand to state court." *Hunter*, 582 F.3d at 1042. That is, federal jurisdiction over a removed case "must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Remand under 28 U.S.C. § 1447(c) "is mandatory, not discretionary." *Bruns v. NCUA*, 122 F.3d 1251, 1257 (9th Cir. 1997).

"The presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *California v. United States*, 215 F.3d 1005, 1014 (9th Cir. 2000) (quoting *Audette v. Int'l Longshoremen's & Warehousemen's Union*, 195 F.3d 1107, 1111 (9th Cir. 1999)). Under the well-pleaded complaint rule, courts look to what "necessarily appears in the plaintiff's statement of his own claim in the bill or declaration, unaided by anything alleged in anticipation of avoidance of defenses which it is thought the defendant may interpose." *Id.* (quoting *Oklahoma Tax Comm'n v. Graham*, 489 U.S. 838, 841 (1989)). Accordingly, "a case may not be removed to federal court on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 393 (1987); *see also Vaden v. Discover Bank*, 556 U.S. 49, 70 (2009) ("It does not suffice to show that a federal question lurks somewhere inside the parties' controversy, or that a defense or counterclaim or that a defense or counterclaim would arise under federal law.").

Here, Defendant seeks removal on the basis of federal question jurisdiction, 28 U.S.C. § 1441(a), arguing Plaintiff has violated, as relevant here, her rights under 42 U.S.C. § 1983 (civil action for deprivation of rights), 18 U.S.C. § 1962 (Racketeer Influence and Corrupt Organizations Act claim, 15 U.S.C. § 1601 (Truth in Lending Act claim), 26 U.S.C. § 7201 (tax evasion claim) and 15 U.S.C. § 1692 (Fair Debt Collection Practices Act claim).  (*See* Removal Not. at 2–3.)  However, a review of the complaint filed in state court shows that Plaintiff did not raise a federal claim in that complaint. (Removal Not. at 4–7.)  Rather, Plaintiff brings a straightforward unlawful detainer action against Defendant, which is a matter purely of state law.  Defendant's reliance on federal law in defending against Plaintiff's state law claim does not suffice to confer jurisdiction on this Court because the defensive invocation of federal law cannot form the basis of this Court's jurisdiction.  *See California*, 215 F.3d at 1014.  Because there is no federal question appearing in Plaintiff's complaint, Defendant has failed to properly invoke this Court's jurisdiction.

Defendant also cites 28 U.S.C. § 1443 as a ground for removal, vaguely asserting that civil rights removal is appropriate due to alleged constitutional and federal statutory violations. (Not. of Removal at 2.)  That statute provides two ways for a litigant to remove to federal court.  Section 1443(1) provides for removal of civil or criminal cases "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof . . . ."  To invoke removal under this section, a defendant must show "[1] rights that are given to them by explicit statutory enactment protecting equal racial civil rights" and "[2] that the state courts will not enforce that right . . . ." *Patel v. Del Taco, Inc.*, 446 F.3d 996, 998–99 (9th Cir. 2006) (internal citations and quotation marks removed), *abrogated on other grounds by BP p.l.c. v. Mayor & City Council of Baltimore*, 593 U.S. 230 (2021).  The second step "must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights." *Id.* at 999.  Here,

Defendant fails to support both requirements for removal under Section 1443(1). Defendant has not identified a specific statute protecting equal racial civil rights. Defendant has also not identified a statute or constitutional provision that commands state courts to ignore those rights.

Section 1443(2) provides for removal of civil or criminal cases "[f]or any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law." Removal under section 1443(2), however, is only available if the alleged violation is committed by a state or federal officer or a person assisting such an officer. *ASAP Copy & Print v. Canon Bus. Sols., Inc.*, 643 F. App'x 650, 652 (9th Cir. 2016). Defendant does not allege that Plaintiff is an officer or was assisting officers within the meaning of the statute, and thus, cannot advance a claim under this section.

Remand to the San Joaquin County Superior Court is therefore appropriate and mandatory. 28 U.S.C. § 1447(c).

Accordingly, the Court hereby REMANDS this case to the San Joaquin County Superior Court for all future proceedings.

IT IS SO ORDERED.

Dated: March 6, 2025                          /s/ Daniel J. Calabretta
                                              THE HONORABLE DANIEL J. CALABRETTA
                                              UNITED STATES DISTRICT JUDGE